**COMPLAINT**

Form No. 3 (Pg. 1)

| B 104 (Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| **PLAINTIFFS** Susan S. DePaola, Trustee | **DEFENDANTS** Pelham Henry 145 Easton Place Fairhope, Alabama 36532 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) Daniel G. Hamm 235 South McDonough Street Montgomery, Alabama 36104   334-269-0269 | ATTORNEYS (if Known) |

**PARTY** (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☑ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Debtor, Edwin Rick Wood transferred to Pelham Henry the sum of $50,500.00 on an antecedent debt within ninety (90) days before filing of bankruptcy petition and while the debtor was insolvent.
Pursuant to 11 U.S.C. Section 547

**NATURE OF SUIT**
(Check the one most appropriate box only.)

☑ 454 To Recover Money or Property
☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
☐ 457 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☐ 424 To object or to revoke a discharge 11 U.S.C. §727

☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523
☐ 434 To obtain an injunction or other equitable relief
☐ 458 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
☐ 459 To determine a claim or cause of action removed to a bankruptcy court
☐ 498 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only.)   ☑ 1 Original Proceeding   ☐ 2 Removed Proceeding   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another Bankruptcy Court   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND | NEAREST THOUSAND $ 50,000.00 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR Edwin Rick Wood | BANKRUPTCY CASE NO. 04-30579 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING Middle District | DIVISIONAL OFFICE Northern Division | NAME OF JUDGE William R. Sawyer |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only.)   ☐ FEE ATTACHED   ☐ FEE NOT REQUIRED   ☑ FEE IS DEFERRED

| DATE May 26, 2004 | PRINT NAME Daniel G. Hamm | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| IN RE:<br>EDWIN RICK WOOD,<br>DEBTOR,<br><br>SUSAN S. DEPAOLA, TRUSTEE,<br>PLAINTIFF,<br><br>V.<br><br>PELHAM HENRY,<br>DEFENDANT. | CHAPTER 7<br>CASE NO. 04-30579<br><br>ADVERSARY PROCEEDING<br>NO. _____ |

## COMPLAINT

**COMES NOW** the plaintiff, Susan S. DePaola, Trustee of the above-styled debtor's estate by her counsel and shows this Honorable Court as follows:

1. This Honorable Court has jurisdiction of this proceeding pursuant to *28 U.S.C. § 1334, §151 et seq.* and *11 U.S.C. § 547*. Venue is proper pursuant to *28 U.S.C. § 1409(a)*.

2. This adversary proceeding constitutes a core proceeding pursuant to *28 U.S.C. § 157(b)*.

3. Plaintiff, Susan S. DePaola, ("Trustee") is the duly appointed and qualified Trustee for the Estate of the debtor, Edwin Rick Wood.

4. The debtor filed his petition seeking relief under Chapter 7 in this case on or around February 27, 2004.

5. On or around November and December of 2003, the Debtor transferred to the defendant, Pelham Henry the sum of $50,500.00

6. Upon information and belief, such transfer was for or on account of an antecedent debt owed by the debtor before the transfer was made.

7. Upon information and belief, such transfer was made on or within ninety (90) days before the date of the filing of the petition commencing this case.

8. Upon information and belief, the Debtor was insolvent at the time of the transfer.

9. The transfer will enable the defendant to receive more than he would receive as a creditor if (a) the case were under Chapter 7 of Title 11, (b) the transfer had not been made, and (c) the defendant received payment of its debt to the extent provided by the provisions of said Title 11

**WHEREFORE**, the premises considered, the Plaintiff prays that this Honorable Court will enter a judgment against the above-named defendant and order that the defendant be required to turn over to the Trustee $50,500.00. The Trustee further requests that the costs of this action be taxed against the defendant and that the plaintiff be awarded such other further and different relief to which he is entitled in the premises.

**RESPECTFULLY SUBMITTED** this the 27th day of May, 2004.

---

DANIEL G. HAMM (HAM043)
ATTORNEY FOR
SUSAN S. DEPAOLA, TRUSTEE
**KEITH & HAMM, P.C.**
235 SOUTH MCDONOUGH STREET
MONTGOMERY, ALABAMA 36104
TELEPHONE    334-269-0269
FAX                   334-269-0262