# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| **IN RE:**<br>**EDWIN RICK WOOD,**<br>**DEBTOR,**<br><br>**SUSAN S. DEPAOLA, TRUSTEE,**<br>**PLAINTIFF,**<br><br>**V.**<br><br>**PELHAM HENRY,**<br>**DEFENDANT.** | **CHAPTER 7**<br>**CASE NO. 04-30579**<br><br>**ADVERSARY PROCEEDING**<br>**NO. 04-03037** |

## MOTION FOR SUMMARY JUDGMENT AND SUPPORTING BRIEF

**COMES NOW** Susan Shirock DePaola, Trustee in Bankruptcy and Plaintiff in the above styled action, by and through her attorney of record, and moves this Honorable Court pursuant to *Fed.R.Civ.P. 56* and *Fed.Bank.R. 7056* for entry of summary judgment in favor of the Plaintiff on the following issues:

1) Pelham Henry, the Defendant in this action, received payments in the amount of thirty-five thousand five hundred dollars ($35,500.00) from the Debtor, Edwin Rick Wood within a ninety (90) day period prior to the Debtor's voluntary bankruptcy petition filing and said payment is a preference payment pursuant to 11 U.S.C.A. § 547.

2) On January 5, 2004, Mr. Henry made a subsequent advance to Mr. Wood in the amount of $15,000.00.

3) Following the aforementioned advance, transfers of twenty thousand and five hundred dollars ($20,500.00) from the Debtor, Edwin Rick Wood to Pelham Henry is due to be avoided by the Trustee/Plaintiff and recovered for the benefit of the bankruptcy estate.

## ADMISSIONS AND UNDISPUTED FACTS

The following facts are undisputed based upon the Bankruptcy petition filed by the Debtor, the Plaintiff's complaint, the Defendant's answer, the deposition of Pelham Henry and the affidavit of Ms. Susan Shirock DePaola, the Trustee of the Debtor's bankruptcy estate.

1) On October 14, 2004, the Plaintiff through counsel deposed the Defendant, Mr. Pelham Henry. (Henry Deposition, P. 1)

2) The Debtor, Edwin Rick Wood filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Middle District of Alabama on February 27, 2004. (Complaint and Answer)

3) Plaintiff, Susan S. DePaola, ("Trustee") is the duly appointed and qualified Trustee for the Estate of the debtor, Edwin Rick Wood. (Complaint and Answer)

4) During the month of December 2003 the Debtor transferred to the defendant, Pelham Henry thirty-five thousand five hundred dollars ($35,500.00). These transfers occurred as follows:

   a) December 4, 2003, Debtor transferred $22,500.00 to the Defendant;

   b) December 17, 2003, Debtor transferred $13,000.00 to the Defendant;

(Complaint, P. 1) (Henry Deposition P. 37, L. 11 through P. 38, L. 20, Exhibits #1 and #2)

5) The aforesaid transfers totaling $35,500.00 were on account of a debt owed to Pelham Henry. (Henry Deposition, P. 40, L. 22 through P.41, L. 17; Henry Deposition, Exhibit #1 and #2)

6) Following the aforesaid transfers, Mr. Henry made a subsequent advance of $15,000.00 on January 5, 2004. (Henry Deposition; P.30, L. 2-14, P. 31, L. 2-15, Exhibit 4)

7) The loans from the Defendant to the Debtor were each due four (4) to eight (8) weeks following the making of the loan. At the end of the agreed (4) to eight (8) week period the Defendant would be repaid 115% to 120% of the original loan amount. (Henry Deposition; P. 18, L. 17 through P. 19, L. 14, P. 39, L. 22 through P. 40, L. 7)

8) The transfer of the subject $35,500.00 was within ninety (90) days prior to the Debtor's bankruptcy filing. (Fed.R.Evid. 201)

9) Mr. Henry is not in the business of making loans to others and this series of loans made to Mr. Wood are the only transactions of this nature he has ever engaged in. (Henry Deposition; P. 39, L. 5-21)

10) The $35,500.00 transferred from the Debtor to the Defendant was to replace checks previously dishonored by the Debtor's bank. (Henry Deposition, P. 25, L. 2 through P. 27, L. 3; P. 45, L. 2 through L. 9)

11) This transfer occurred at a time when the debtor, Edwin Rick Wood was insolvent. (Statutory Presumption, Henry Deposition, P. 42, L. 12-19, Debtor's Petition)

12) The transfers will enable the Defendant to receive more than he would receive as a creditor if (a) the case were under Chapter 7 of Title 11, (b) the transfer had not been made, and (c) the defendant received payment of its debt to the extent provided by the provisions of said Title 11. (Claims Register and Trustee Affidavit).

# TABLE OF CONTENTS

Admissions and Undisputed Facts ................................................................................ 2

Table of Contents ........................................................................................................ 5

Points and Authorities ................................................................................................ 6

Included Exhibits ........................................................................................................ 7

Argument .................................................................................................................... 8

    11 U.S.C.A. § 547 - Preferences ............................................................................ 9

    The Debtor transferred $35,500.00 to the creditor Pelham Henry. ............................. 10

    The transfer of the $35,500.00 was on account of an antecedent debt

    owed by the Debtor before the transfer was made ........................................................ 10

    The transfer of the $35,500.00 was while the Debtor was insolvent ............................. 10

    11 U.S.C.A. § 101(32) - Definitions .......................................................................... 11

    The transfer of the $35,500.00 was within ninety (90) day before the

    filing of the petition. ................................................................................................... 11

    The transfer of the $35,500.00 enabled Pelham Henry to receive more

    than he would receive if the case were one under chapter 7, the transfer

    had not been made and Pelham Henry received payments provided by

    the Bankruptcy Code. ................................................................................................. 11

    11 U.S.C.A. § 547 – Preferences - Defense ............................................................... 12

    The transfer to Pelham Henry was a substantially contemporaneous

    exchange for new value only to the extent of $15,000.00. ........................................... 12

    The transfer to Pelham Henry was not in payment of a debt incurred in

    the ordinary course of business or financial affairs of Mr. Wood and

    Mr. Henry or made according to ordinary business terms ............................................ 13

        No prior dealing ................................................................................................... 13

        Payment for dishonored checks ........................................................................... 14

Conclusion ................................................................................................................ 14

# POINTS AND AUTHORITIES

**Cases**

Allen v. Tyson Foods, 121 F.3d 642, 646 (11th Cir.1997)................................................... 9

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202
    (1986)........................................................................................................................ 9, 10

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)....... 9

Fitzpatrick v. Atlanta, 2 F.3d 1112, 1116 (11th Cir.1993) ............................................... 10

In re Barefoot, 952 F.2d 795, 800 (4th Cir.1991) ........................................................... 15

In re Craig Oil Company, 785 F.2d 1563, 1564 (11th Cir.1986) ..................................... 15

In re Diagnostic Instrument Group, Inc., 276 B.R. 302, Bkrtcy. (M.D.Fla. 2002)........... 14

In re M & L Business Machine Co., Inc., 84 F.3d 1330, 1339 (10th Cir.1996), cert.
    denied, 519 U.S. 1040, 117 S.Ct. 608, 136 L.Ed.2d 534 (1996) ................................. 14

J.P. Fyfe, Inc. of Florida v. Bradco Supply Corp., 96 B.R. 474, 476 (D.N.J.1988), aff'd,
    891 F.2d 66 (3d Cir.1989)........................................................................................... 14

Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir.1992) ........................... 9

United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437-38 (11th Cir.1991)
    ...................................................................................................................................... 10

**Statutes**

11 U.S.C. § 547(c)(1)..................................................................................................... 13

11 U.S.C. § 547(c)(2)..................................................................................................... 14

11 U.S.C.A. § 547 .......................................................................................................... 10

# INCLUDED EXHIBITS

Complaint

Answer

Excerpts from the Deposition of Pelham Henry with Selected Exhibits

Debtor's Petition

Debtor's Amended Schedules

Trustee Affidavit

Claims Register

# ARGUMENT

*Bankruptcy Rules of Procedure 7056* and *Federal Rule of Civil Procedure 56(c)* provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." An issue of fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. *Allen v. Tyson Foods, 121 F.3d 642, 646 (11th Cir.1997)* (citing *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir.1992)*). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. A court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson, 477 U.S. at 251, 252, 106 S.Ct. 2505.*

The moving party bears "the initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)*. Where the nonmoving party bears the burden of proof at trial, the moving party may discharge this "initial responsibility" by showing that there is an absence of evidence to support the nonmoving party's case or by showing that the nonmoving party will be unable to prove its case at trial. *United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437-38*

*(11th Cir.1991)*. To survive summary judgment, the nonmoving party bearing the ultimate burden of proof at trial must come forward with evidence sufficient to withstand a directed verdict motion. *Fitzpatrick v. Atlanta, 2 F.3d 1112, 1116 (11th Cir.1993)*.

On summary judgment, "the evidence of the non-movant is to be believed." *Anderson, 477 U.S. at 255, 106 S.Ct. 2505*. "The district court should resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences ... in his favor." *Four Parcels, 941 F.2d at 1428*.

The Trustee seeks to avoid the transfer of $20,500.00 from the Debtor to Mr. Pelham Henry. This transfer occurred within the ninety (90) days prior to the Debtor's bankruptcy filing.

### 11 U.S.C.A. § 547 - Preferences

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property--

**(1)** to or for the benefit of a creditor;

**(2)** for or on account of an antecedent debt owed by the debtor before such transfer was made;

**(3)** made while the debtor was insolvent;

**(4)** made--

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if--

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

### *The Debtor transferred $35,500.00 to the creditor Pelham Henry.*

Edwin Rick Wood transferred $35,500.00 to Pelham Henry within ninety (90) days before Mr. Wood filed his Chapter 7 Bankruptcy petition. In Mr. Henry's deposition he admitted to receiving the "sum of $35,500.00 in "December 2003" from Mr. Wood. (Complaint, P. 1 and Answer, P. 1) (Henry Deposition; P. 22, L. 12-21, P. 26, L. 12 through P. 27, L. 3, P. 28, L. 3-7, Exhibit #1 and #2)

### *The transfer of the $35,500.00 was on account of an antecedent debt owed by the Debtor before the transfer was made.*

The Defendant made several loans to the Debtor between the periods of January 2003 through January 2004. Repayment of the loans was to be made within four (4) to eight (8) weeks from the date of loans. Each loan provided for a return of between 115% and 120% within four (4) to eight (8) weeks. (Henry Deposition, P. 18, L. 17 through P. 19, L. 14, P. 39, L. 5-10, Exhibit #1 and #2)

### *The transfer of the $35,500.00 was while the Debtor was insolvent.*

Edwin Rick Wood was insolvent at the time he transferred $35,500.00 to Pelham Henry. During the year 2004, Mr. Wood had no net income. At the time the Debtor filed his bankruptcy petition, he owned personal property he valued at $23,509.66 (Debtor's Petition, Schedule B) and real property valued at $140,000.00 (Debtor's Petition, Schedule A). The Debtor"s total assets at the time of his filing was $163,509.66. His real property was encumbered by a mortgage of $ 96,000.00. The Debtor's vehicle, an item included in his personal property, was encumbered by a security interest of $11,000.00. In addition to these debts, the Debtor owed $1,802,836.90 in unsecured debts. Most of the creditors have filed proof of claim alleging that the debts arose during 2003 and before the transfer made the subject of this action. (Debtor's Petition and Claims Register)

### *11 U.S.C.A. § 101(32) - Definitions*

"insolvent" means--

(A) with reference to an entity other than a partnership and a municipality, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of--

(i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and

(ii) property that may be exempted from property of the estate under section 522 of this title; *11 U.S.C.A. § 101(32)*

The sum of the Debtor's debts were $1,909,836.00 and his total assets were $163,509.66. He was insolvent at the time of the transfer to Mr. Henry. Mr. Henry has no information with regards to the Debtor's solvency. (Howe Deposition, P. 28 and P. 29)

### *The transfer of the $35,500.00 was within ninety (90) day before the filing of the petition.*

Mr. Wood transferred $35,500.00 to Pelham Henry within (90) days before the filing of the petition. The transfers were as follows: (Complaint, P. 1 and Answer, P. 1) (Henry Deposition, Exhibit #1 and #2)

| | |
|---|---|
| December 2, 2003 | $22,500.00 |
| December 17, 2004 | $13,000.00 |
| Total | $35,500.00 |

### *The transfer of the $35,500.00 enabled Pelham Henry to receive more than he would receive if the case were one under chapter 7, the transfer had not been made and Pelham Henry received payments provided by the Bankruptcy Code.*

Should Mr. Henry be allowed to keep this $35,500.00, he will receive approximately 62% of his claim while other creditors will receive less than 20% of their

claim. The Trustee has now reviewed the schedules and concluded that there will not be an estate created that will satisfy all claims. A distribution to each claimant will result in less that 20% to each creditor. (Trustee Affidavit)

### *11 U.S.C.A. § 547 – Preferences - Defense*

 (c) The trustee may not avoid under this section a transfer--

  (1) to the extent that such transfer was--

   (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

   (B) in fact a substantially contemporaneous exchange;

  (2) to the extent that such transfer was--

   (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

   (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

   (C) made according to ordinary business terms;

### *The transfer to Pelham Henry was a substantially contemporaneous exchange for new value only to the extent of $15,000.00.*

 The "new value" defense is available to Pelham Henry only to the extent of $15,000.00. *11 U.S.C. § 547(c)(1)* provides an express exemption for transfers made to a creditor shortly after the creditor has extended new value to the Debtor. To qualify for this exemption, three factors must be proven. First, the creditor must have extended new value to the debtor. Second, the parties must have intended that the new value and the reciprocal transfer by the debtor be contemporaneous. Third, the exchange must in fact have been substantially contemporaneous. Mr. Henry extended $15,000.00 to the Debtor on January 15, 2004. Other than this, Mr. Henry and Mr. Wood did not intend to exchange anything of value. (Henry Deposition; P. 30, L. 2-14, P. 31, L. 2-15)

***The transfer to Pelham Henry was not in payment of a debt incurred in the ordinary course of business or financial affairs of Mr. Wood and Mr. Henry or made according to ordinary business terms.***

### *No prior dealing*

Where there is no prior dealing between the parties and the loan being repaid carries with it an interest rate usurious and terms, the repayment cannot be in the ordinary course of business. *In re Diagnostic Instrument Group, Inc., 276 B.R. 302, Bkrtcy. (M.D.Fla. 2002).* Mr. Henry made a loan to Edwin Rick Wood that carried an excessive interest rate. Each loan made to Mr. Wood was to be repaid in four (4) to eight (8) weeks by repaying between 115% and 120% of the original loan amount. This results in an interest rate approximating 151% (52 weeks per year/6 week average loan term x 17 ½ % average loan rate). (Henry Deposition; P. 24, L. 9 through P. 27, L. 19, Exhibit #1 and #2)

*11 U.S.C. § 547(c)(2)* excepts any payment made to a creditor if both the debt and the payment occurred in the ordinary course of the debtor's business or financial affairs and the payment was made according to ordinary business terms. The Bankruptcy Code does not define "ordinary course of business" or "ordinary business terms." However, the legislative history of this section makes clear that its underlying purpose "is to leave undisturbed routine and normal financial relations." H.R.Rep. No. 595, 95th Cong., 1st Sess. 373 (1978), U.S.Code Cong. & Admin.News at pp. 5963, 6329; S.Rep. No. 989, 95th Cong., 2d Sess. 88 (1978), U.S.Code Cong. & Admin.News at pp. 5787, 5874. This exception to recovery of an otherwise preferential transfer should be narrowly construed. *In re M & L Business Machine Co., Inc., 84 F.3d 1330, 1339 (10th Cir.1996), cert.*

*denied, 519 U.S. 1040, 117 S.Ct. 608, 136 L.Ed.2d 534 (1996); J.P. Fyfe, Inc. of Florida*

*v. Bradco Supply Corp., 96 B.R. 474, 476 (D.N.J.1988), aff'd, 891 F.2d 66 (3d Cir.1989).*

### *Payment for dishonored checks*

As a matter of law this is an avoidable preference transfer. The transfer of the

$35,500.00 from Mr. Wood to Mr. Henry was to satisfy previously dishonored checks

written by the Debtor. (Henry Deposition, P. 25, L. 2 through P. 27, L. 3; P. 45, L. 2

through L. 9) (Henry Deposition, P. 25, L. 2 through P. 27, L. 3; P. 45, L. 2 through L. 9)

Payment of dishonored checks does not constitute a transfer made within the ordinary

course of business. Such a transfer is not in the ordinary course of business nor is it

according to ordinary business terms. *In re Barefoot, 952 F.2d 795, 800 (4th Cir.1991).*

In *In re Craig Oil Company, 785 F.2d 1563, 1564 (11th Cir.1986)*, the Eleventh Circuit

addressed the issue of whether such a payment was made in the ordinary course of

business. The court stated the following concerning section 547(c)(2):

> It seems clear ... that § 547(c)(2) should protect those payments which do not
> result from "unusual" debt collection or payment practices. To the extent an
> otherwise normal payment occurs in response to such practices, it is without the
> scope of § 547(c)(2). Thus, whenever the bankruptcy court receives evidence of
> unusual collection efforts, it must consider whether the debtor's payment was in
> fact a response to those efforts. *In re Craig Oil Company, 785 F.2d 1563, 1564
> (11th Cir.1986)*

## CONCLUSION

The preference payments from Mr. Wood to Mr. Henry are due to be avoided by

the Trustee to the extent of $20,500.00. A $35,500.00 payment was made within ninety

(90) days before the Debtor's filing and was on account of an antecedent debt. Although

Mr. Henry raises the defense of ordinary course of business, there are admissions that this

defense is inapplicable except to the extent of $15,000.00 advanced on January 15, 2004.

The Plaintiff would show unto the Court that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. In support of this Motion, the Plaintiff submits this motion and supporting exhibits that are adopted and incorporated herein by reference. The Plaintiff respectfully request that this Honorable Court enter a judgment against the Defendant in the amount of $20,500.00 ($35,500.00 preference payment less $15,000.00 new value advanced) plus the cost of this action.

**RESPECTFULLY SUBMITTED** this the 1st day of November, 2004.

DANIEL G. HAMM (HAM043)
ATTORNEY FOR THE TRUSTEE
**KEITH & HAMM, P.C.**
235 SOUTH MCDONOUGH STREET
MONTGOMERY, ALABAMA 36104
TELEPHONE    334-269-0269
FAX            334-269-0262

# CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of this Motion for Summary Judgment and Supporting Brief by electronic transmission and/or by placing a copy in the United States Mail with sufficient postage for first class delivery to the attorneys named below or parties if not represented by counsel.

**DONE** this the 1st day of November, 2004.

DANIEL G. HAMM (HAM043)
ATTORNEY FOR THE TRUSTEE
**KEITH & HAMM, P.C.**
235 SOUTH MCDONOUGH STREET
MONTGOMERY, ALABAMA 36104
TELEPHONE    334-269-0269
FAX            334-269-0262

Richard Lively
364 East Main Street
Prattville, Alabama 36067