IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTERN DIVISION

IN RE: EDWIN RICK WOOD, DEBTOR

| | | |
|---|---|---|
| SUSAN S. DEPAOLA, TRUSTEE, | § § | |
| PLAINTIFF, | § § | CHAPTER 7<br>CASE NUMBER: 04-30579 |
| V. | § § | ADVERSARY PROCEEDING |
| PELHAM HENRY, | § § | NO. 04-03037 |
| DEFENDANT. | § § | |

### ANSWER OF DEFENDANT PELHAM HENRY

COMES NOW the Defendant in the above-styled cause, Pelham Henry, by and through counsel, and files herewith this Honorable Court his Answer to the Complaint filed herein and in support thereof shows unto the Court the following:

1. That paragraph one of the Complaint states the jurisdiction and venue of the Court. The Plaintiff accepts the jurisdiction of the Court and admits that venue is proper in this action.

2. That the Defendant admits the statement contained in paragraph 2 of the Complaint.

3. That the Defendant admits the Plaintiff is the duly appointed Trustee for the Estate of Edwin Rick Wood.



4.  That the Defendant has no independent knowledge of the date the petition for relief was filed in this case but accepts the Plaintiff's assertion that said petition was filed February 27, 2004.

5.  That the Defendant denies the allegations of paragraph 5 of the Complaint and demands strict proof thereof.

6.  That the Defendant denies the allegations of paragraph 6 of the Complaint and demands strict proof thereof.

7.  That the Defendant denies the allegations of paragraph 7 of the Complaint and demands strict proof thereof.

8.  That the Defendant has no independent knowledge of the Debtor's solvency.

9.  That the Defendant denies the allegations of paragraph 9 of the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.  That the Defendant affirmatively pleads as a defense to this action that any alleged transfer that may have been given was a contemporaneous exchange for value pursuant to 11 U.S.C §547(c)(1).

2.  That the Defendant affirmatively pleads as a defense to this action that any alleged transfer that may have been given was a payment in the ordinary course of business pursuant to 11 U.S.C §547(c)(2).

3.  That the Defendant affirmatively pleads as a defense to this action that any alleged transfer that may have been given was followed by an extension of new value pursuant to 11 U.S.C §547(c)(1).

Respectfully submitted this the 28th day of June, 2004.

*Richard Lively*
RICHARD D. LIVELY (LIV012)
Attorney for Defendant Pelham Henry

**OF COUNSEL:**
**LAW OFFICE OF RICHARD D. LIVELY**
364 East Main Street
Prattville, Alabama 36067
Telephone: (334) 491-4911
Facsimile: (334) 491-4922

Certificate of Service

I herby certify that I have this the 28th day of June, 2004, served a copy upon the following parties, by placing a copy of same in the United States Mail, first class postage prepaid and properly addressed as follows:

Susan DePaola, Trustee

Honorable Daniel G. Hamm
235 South McDonough Street
Montgomery, Alabama 36104

*Richard Lively*
OF COUNSEL