# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| PELHAM HENRY, | § § § | |
| APPELLANT, | § § | |
| V. | § § § | Case No. 2:05-CV-483 |
| SUSAN DEPAOLA, TRUSTEE, | § § § § | |
| APPELLEE. | § § | |

APPEAL FROM THE BANKRUPTCY COURT FOR THE

MIDDLE DISTRICT OF ALABAMA

Adversary Proceeding Number

04-03037

# APPELLANT'S BRIEF

COUNSEL FOR APPELLANT:
RICHARD D. LIVELY (LIV012)
364 East Main Street
Prattville, Alabama 36067
Telephone: (334) 491-4911
Facsimile:  (334) 491-4922

Table of Contents

Table of Contents………………………………………………………………1

Table of Cases and Authority…………………………………………………..2

Statement of Appellate Jurisdiction……………………...………………….3

Statement of the Issues Presented……………………………………….....4

Applicable Standard of Review…………………………..……………….5

Statement of the Case………………………………………..…………….6

Statement of the Facts……………………………………………………….7

Summary of the Arguments………………………….……………………..8

Argument:

I.  The Bankruptcy Court's Entry of Judgment Against the Appellant is in Error Because it Includes Payments Received by the Appellant More Than Ninety (90) Days Prior to the Filing of the Debtor's Petition in Bankruptcy………………………………..9

2.  The Bankruptcy Court's Entry of Judgment Against the Appellant is in Error Because it Does Not Give the Appellant Credit for his Extension of New Value to the Debtor ……………..…..10

Conclusion……………………………………………………………….11

Certificate of Service…………………………………………………….12

## Table of Cases and Other Authority

In re Optical Technologies, Inc., 246 F.3d 1332 (11th Cir. 2001)……………..5

11 U.S.C. §547………..…………………………………………...………..4, 6, 8, 9

11 U.S.C. §547(c)(1)…..………………………………………...……4, 6, 8, 10

28 U.S.C. §158………..……………………………………………………….3

## STATEMENT OF APPELLATE JURISDICTION

This Court has appellate jurisdiction pursuant to 28 U.S.C §158.

## STATEMENT OF ISSUES PRESENTED

1. Whether the Bankruptcy Court erred in awarding judgment against the Appellant for transfers of money made to the Appellant by the Debtor outside of the 90 day preference period established by 11 U.S.C. §547.

2. Whether the Bankruptcy Court erred in awarding judgment against the Appellant without giving the Appellant credit for extension of new value given to the Debtor, pursuant to 11 U.S.C. §547(c)(1), during the 90 day preference period established by 11 U.S.C. §547.

## THE APPLICABLE STANDARD OF REVIEW

The District Court, within its appellate jurisdiction, reviews the Bankruptcy Court's grant of summary judgment *de novo*.

In re Optical Technologies, Inc., 246 F.3d 1332 (11th Cir. 2001)

## STATEMENT OF THE CASE

The Trustee in the underlying bankruptcy action filed an adversary proceeding against the Appellant seeking a judgment against the Appellant for payments made to him by the Debtor within the 90 day preference period established by 11 U.S.C. §547. The Trustee filed a motion for summary judgment against the Appellant which was granted on or about April 21, 2005. The Appellant thereafter timely filed his notice of appeal.

The appeal in this case is directed to the Bankruptcy Court's application of 11 U.S.C. §547 (establishment of preference period) and 547(c)(1) (credit against preferential payments for new value extended).

## STATEMENT OF THE FACTS

The Appellant on several occasions loaned money to the Debtor in the underlying bankruptcy case. The Debtor repaid some of these loans to the Appellant within 90 days of the filing of his petition in bankruptcy. The Trustee in the underlying bankruptcy action brought an adversary proceeding against the Appellant to recoup preferential payments made to the Appellant within the preference period. In the Trustee's Complaint, she alleges that the Debtor paid the Appellant the amount of $50,500.00 during the 90 day preference period.

Thereafter, the Trustee filed a motion for summary judgment. In her motion for summary judgment, the Trustee stipulated that the Appellant had only received $35,500.00 in the 90 days prior to the filing of the Debtor's bankruptcy petition. The Trustee further stipulated that the Appellant had extended new value to the Debtor in the amount of $15,000.00 subsequent to the payments he received during the 90 day preference period. The Trustee concludes in her motion for summary judgment that the Appellant's preference payments were due to be avoided in favor of the Trustee in the amount of $20,500.00. The Bankruptcy Court entered its Order granting summary judgment in favor of the Trustee, however the Bankruptcy Court entered judgment against the Appellant in the amount of $50,500.00.

## SUMMARY OF THE ARGUMENTS

1.  Pursuant to 11 U.S.C. §547, the Trustee can only avoid preferential payments made by a debtor within 90 days of the filing of their bankruptcy petition. In this case, there is no evidence that the Appellant received more that $35,500.00 in payments from the Debtor in the underlying bankruptcy action during the 90 day preference period. Therefore, the Bankruptcy Court's judgment of $50,500.00 is not supported by the evidence and is in error.

2.  The Appellant is entitled, pursuant to 11 U.S.C. §547(c)(1), to offset the amount of preferential payments he received to the extent of any "new value" he extended to the Debtor during the 90 day preference period. The evidence is undisputed that the Appellant extended to new value to the Debtor in the amount of $15,000.00 less than 90 days prior to the filing of the Debtor's bankruptcy petition. However, the Bankruptcy Court did not adjust the amount of the judgment entered against the Appellant to reflect this extension of new value. Therefore, the Bankruptcy Court's order is in error.

# ARGUMENT

**I.     The Bankruptcy Court's Entry of Judgment Against the Appellant is in Error Because it Includes Payments Received by the Appellant More Than Ninety (90) Days Prior to the Filing of the Debtor's Petition in Bankruptcy.**

11 U.S.C. § 547 grants the power to the bankruptcy trustee to avoid, or set aside, transfers from a debtor to a creditor made within a 90 day period of time prior to the filing of the debtor's bankruptcy petition under certain circumstances. In this case, there is a stipulation between the parties that the Appellant received payments totaling $35,500.00 during the 90 day preference period set out in 11 U.S.C. §547. (CR-2, docs.10, 12).

Although transfers were made to the Appellant totaling $50,500.00 as alleged in the Trustee's Complaint, through the course of discovery it was ascertained that only $35,500.00 came within the 90 day preference period created by 11 U.S.C. §547. There being no evidence in the record to the contrary, the Bankruptcy Court's judgment of $50,500.00 is in error because it is not supported by the evidence and includes payments made to the Appellant more than 90 days prior to the filing of the Debtor's petition in bankruptcy.

**II.     The Bankruptcy Court's Entry of Judgment Against the Appellant is in Error Because it Does Not Give the Appellant Credit for his Extension of New Value to the Debtor.**

While the Bankruptcy Code gives the Trustee broad powers to set aside preferential payments made to creditors within 90 days of the filing of their bankruptcy petition, the Code also grants certain exceptions in favor of creditors.  11 U.S.C. §547(c)(1) provides an affirmative defense to a "preference action" brought by Trustee to avoid preferential transfers when a creditor extends "new value" contemporaneously to a debtor within the 90 day preference period.  In his Answer to the Trustee's Complaint, the Appellant correctly plead the defense of "contemporaneous exchange of new value". (CR-2, doc. 6).  Likewise, the Trustee in her motion for summary judgment acknowledges that the Appellant is entitled to a credit of $15,000.00 for the money he loaned the Debtor during the 90 day preference period. (CR-2, doc. 4).  Taken together, the Trustee was able to prove preference payments in the amount of $35,500.00 to the Appellant.  The Appellant was entitled to reduce the total by $15,000.00 because of the contemporaneous extension of new value to the Debtor. Therefore, the Bankruptcy Court's judgment against the Appellant should have been in the amount of $20,500.00 pursuant to the evidence and law in this case.

## CONCLUSION

The Bankruptcy Court's judgment in this case is due to be reversed for two reasons. As stated in the Appellant's first argument, the Bankruptcy Court included in its judgment payments made to the Appellant that were received more than 90 days prior to the filing of the Debtor's bankruptcy petition. The Trustee is only allowed to avoid transfers made to creditors, who are not insiders, within 90 days of the filing of the Debtor's petition in bankruptcy.

As discussed in the Appellant's second argument, although he received preferential payments in the amount of $35,500.00, he is entitled by law to a credit of $15,000.00 due to his extension of new value to the Debtor. This fact is not disputed by the Trustee and is argued in her motion for summary judgment.

WHEREFORE, THE PREMISES CONSIDERED, the Appellant respectfully requests this Honorable Court to enter an Order reversing the Bankruptcy Court's ruling and remanding the case for further proceedings.

Respectfully submitted this the 9th day of June, 2005.

/s/ Richard D. Lively
RICHARD D. LIVELY (LIV012)
Attorney for the Appellant

**OF COUNSEL:**
**LAW OFFICE OF RICHARD D. LIVELY**
364 East Main Street
Prattville, Alabama 36067
Telephone: (334) 491-4911
Facsimile: (334) 491-4922

Certificate of Service

I hereby certify that I have this the 9th day of June, 2005, served a copy of the foregoing instrument upon the Trustee, by and through her counsel of record, Honorable Leonard N. Math, Post Office Box 230759, Montgomery, Alabama 36123, by ECF and by placing a copy of same in the United States Mail, first class postage prepaid and properly addressed.

/s/ Richard D. Lively
OF COUNSEL

12