IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE:<br>   EDWIN RICK WOOD,<br>      DEBTOR, | )<br>)<br>)<br>)<br>) | CASE NO. 2:05-CV-483 |
| SUSAN DEPAOLA, TRUSTEE<br><br>   PLAINTIFF-APPELLEE, | )<br>)<br>)<br>)<br>) | On appeal from the United States Bankruptcy<br>Court for the Middle District of Alabama,<br>Adversary Proceeding No. 04-03037-WRS |
| VS. | )<br>) | William R. Sawyer, Presiding |
| PELHAM HENRY,<br><br>   DEFENDANT-APPELLANT. | )<br>)<br>)<br>) | |

---

## BRIEF OF THE APPELLEE

---

OF COUNSEL:
Leonard N. Math,
Chambless ❖Math, P.C.
P.O. Box 230759
Montgomery, Alabama 36123-0759
(334) 272-2230

TABLE OF CONTENTS

TABLE OF CASES, STATUTES AND OTHER AUTHORITIES ...................... 2

STATEMENT OF APPELLATE JURISDICTION .................................. 3

STATEMENT OF ISSUES PRESENTED ....................................... 3

STANDARD OF REVIEW .................................................. 3

STATEMENT OF THE CASE ............................................... 4

ARGUMENT ........................................................... 7

I.  SUMMARY JUDGMENT STANDARDS UNDER RULE 56 OF THE FEDERAL RULES
    OF CIVIL PROCEDURE ............................................. 7

II. THE ELEMENTS OF A PREFERENCE UNDER 11 U.S.C. §547 ................... 8

CONCLUSION ........................................................ 12

TABLE OF CASES, STATUTES AND OTHER AUTHORITIES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)7, 8

*Barnhill v. Johnson,* 503 U.S. 393, 395 112 S.Ct. 1386,118 L.Ed.2d 39 (1992) . . . . . . . . . . . 10

*Celotex Corp. v. Catrett,* 477 U.S. 2548, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986) . . . . 7

*Commuter Transp. Sys., Inc. v. Hillsborough County Aviation Auth.*, 801 F.2d 1286, 1291 (11th Cir.1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Fitzpatrick v. City of Atlanta*, 2 F.3d 1112 (11th Cir.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Idaho v. Hodel,* 814 F.2d 1288, 1292-93 (9th Cir.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Arrow Air, Inc.,* 940 F.2d 1463 (11th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Health Science Products, Inc.*, 183 B.R. 903, 918 (Bankr.N.D.Ala.1995) . . . . . . . . . . . . 8

*In re Kemp Pacific Fisheries, Inc.,* 16 F.3d 313 (9th Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Martin,* 184 B.R. 985, 990 (Bankr.M.D.Ala.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Mastercraft Graphics, Inc.,* 157 B.R. 914, 918 (Bankr.S.D.Fla.1993) . . . . . . . . . . . . . . . 9

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Matter of Anderson-Smith & Associates, Inc.*, 188 B.R. 679 (Bankr.N.D.Ala.,1995) . . . . . 8, 9, 11

*Modesto v. Lehman,* 245 F.Supp.2d 340 (D.Puerto Rico 2002) . . . . . . . . . . . . . . . . . . . . . . . . 8

*Niagara of Wis. Paper Corp. v. Paper Indus. Union-Management Pension Fund,* 800 F.2d 742, 746 (8th Cir.1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Romano v. Merrill Lynch, Pierce, Fenner & Smith,* 834 F.2d 523, 527 (5th Cir.1987) . . . . . . . 8

*Sweat v. Miller Brewing,* 708 F.2d 655, 656 (11th Cir.1983) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Terry Mfg. Co. v. Southern Mills, Inc. (In Re Terry Mfg. Co. Inc.,* _____ B.R. _____, 2005 W.L. 1355123 (Bankr. M.D. Ala., 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Union Bank v. Wolas,* 502 U.S. 151, 112 S.Ct. 527, 116 L.Ed.2d 514 (1991) . . . . . . . . . . . . . 8

2

## STATEMENT OF APPELLATE JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §158(a)(1).

## STATEMENT OF ISSUES PRESENTED

The Trustee adopts the statement of issues contained in the Brief of the Appellant.

1. Whether the Bankruptcy Court erred in awarding judgment against the Appellant for transfers of money made to the Appellant by the Debtor outside of the 90 day preference period established by 11 U.S.C. §547.

2. Whether the Bankruptcy Court erred in awarding judgment against the Appellant without giving the Appellant credit for extension of new value given to the Debtor pursuant to 11 U.S.C. §547(c)(1), during the 90 day preference period established by 11 U.S.C. §547.

## STANDARD OF REVIEW

The Trustee adopts the Appellant's statement of The Applicable Standard of Review.

The district court reviews a bankruptcy court's entry of summary judgment *de novo*.

3

STATEMENT OF THE CASE

On February 27, 2004, Edwin Rick Wood filed a petition for relief under Chapter 7 of Title 11 on the United States Code (hereinafter "the Code"). Shortly thereafter, Susan S. Depaola was appointed as the Chapter 7 Trustee (hereinafter "Trustee"). On May 27, 2004, the Trustee filed an adversary proceeding against the Appellant seeking recovery of preferential transfers made by the Debtor Wood to the Appellant pursuant to 11 U.S.C. §547. Summons was issued and service was made on May 28, 2004. On June 28, 2004, the Appellant filed an Answer and Affirmative Defenses. A scheduling conference was set for July 27, 2004. Counsel for the Appellant failed to appear at the scheduling conference and an Order to Show Cause was issued requiring Counsel for the Appellant to appear and show cause why sanctions should not be imposed. At the August 3, 2004 show cause hearing, Counsel for the Appellant appeared and the Bankruptcy Court entered a scheduling order setting deadlines for specified pretrial activities.

On November 1, 2004, the Trustee filed a Motion for Summary Judgment and Supporting Brief. On January 24, 2005, the Appellant filed a Response to the Trustee's Motion for Summary Judgment. On April 22, 2005, the Court entered an Order Granting the Trustee's Motion for Summary Judgment and entered judgment in favor of the Trustee in the amount sought in the Complaint of $50,500.00. The Appellant filed a timely notice of appeal.

The facts giving rise to this case are relatively straight-forward. The Appellant made a series of unsecured loans to the Debtor Wood. Each of the loans were due four to eight weeks following the making of the loan and were due to be repaid with 15% to 20% interest. (Docket Item 2 - Attachment 4 - Trustee's Motion for Summary Judgment Undisputed Facts par.7). Within 90 days of the filing of the petition, the Debtor Wood made payments to the Appellant on

4

the loans as follows: on December 4, 2003, the Debtor transferred $22,500.00 to the Appellant;

on December 17, 2003, the Debtor transferred $13,000.00 to the Appellant.[1] (Docket Item 2 -

Attachment 4 - Trustee's Motion for Summary Judgment Undisputed Facts par.4). Then, on

January 5, 2004, the Appellant made another unsecured loan to the Debtor in the amount of

$15,000.00.(Docket Item 2 - Attachment 4 - Trustee's Motion for Summary Judgment

Undisputed Facts par.6).

The Trustee's Complaint sought recovery of these payments to the Appellant pursuant to

11 U.S.C. §547, which permits a Trustee to avoid and recover preferential transfers made within

90 days of the filing of the bankruptcy petition. The Appellant's Answer denied the material

allegations of the Complaint and asserted the affirmative defenses that the payments were

substantially contemporaneous exchanges for new value protected from avoidance under 11

U.S.C. §547(c)(1) and\or that the payments were made in the ordinary course of the business

protected from avoidance under 11 U.S.C. §547(c)(2). The Trustee's Motion for Summary

Judgment included copies of the Complaint, Answer, Excerpts of the Deposition of the

Appellant, an Affidavit from the Trustee, the Debtor's Petition and Schedules and the

amendments thereto, and a copy of the claims register. Contrary to the Statement of Facts in the

Appellant's Brief, there was no stipulation by the Trustee as to any facts. Rather, the Trustee set

forth certain admissions and undisputed facts. The Appellant's Response to the Trustee's Motion

---

[1] The Trustee's Complaint sought recovery of a total of $50,500.00. The discrepancy
between the amount listed in the Complaint and the amounts listed in the Trustee's Motion for
Summary Judgment is one payment of $15,000.00 made by the Debtor to the Appellant by check
dated November 7, 2003 and which is reflected as such on PX-1 to the Deposition of Pelham
Henry. Counsel for the Trustee has not found evidence in the record of the actual date that
payment was negotiated by the Appellant.

for Summary Judgment was two paragraphs, the first of which was that the Appellant could not present an argument to the Court in opposition to the Trustee's Motion and the second of which asserted that the Trustee had admitted his new value defense under 11 U.S.C. §547(c)(1) and that the Trustee could only avoid $20,500.00 of the payments made to the Appellant. The Appellant's Response did not include any citation to authority other than Section 547(c)(1) nor did it reference any parts of the factual record before the Court in the form of the Trustee's affidavit or the excerpts from the Appellant's deposition. (Docket Item 2 - Attachment 11 - Response to Motion for Summary Judgment).

The Court's decision simply noted that the Trustee's Motion was not controverted by the Appellant and judgment was entered for the amount sought in the Complaint. The Appellant did not file any post-judgment motion to alter, amend or vacate that judgment order.

6

ARGUMENT

## I. SUMMARY JUDGMENT STANDARDS UNDER RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 56 of the Federal Rules of Civil Procedure is applicable to adversary cases such as this by operation of Rule 7056 of the Bankruptcy Rules of Procedure. The general standards in this Circuit for addressing a summary judgment motion are outlined in the Eleventh Circuit Court of Appeals decision in *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112 (11th Cir.1993). Federal Rule of Civil Procedure 56(c) mandates entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The court must view the evidence in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing,* 708 F.2d 655, 656 (11th Cir.1983). In order to avoid a motion for summary judgment a nonmoving party with the burden of proof must produce evidence that shows there exists a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 2548, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). While this evidence need not be in a form that would be admissible at trial, *Celotex,* 106 S.Ct. at 2553, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus.  Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).  Thus Rule 56 requires the nonmoving party to affirmatively allege specific facts to demonstrate a genuine dispute. *See Commuter Transp. Sys., Inc. v. Hillsborough County Aviation Auth.,* 801 F.2d 1286, 1291 (11th Cir.1986).

7

The party opposing summary judgment before trial must show the existence of a genuine dispute of material fact in the context of any substantive evidentiary burdens of proof that would apply at a trial on the merits. *Liberty Lobby,* 106 S.Ct. at 2512;  *see Romano v. Merrill Lynch, Pierce, Fenner & Smith,* 834 F.2d 523, 527 (5th Cir.1987); *Idaho v. Hodel,* 814 F.2d 1288, 1292-93 (9th Cir.1987); *Niagara of Wis. Paper Corp. v. Paper Indus.   Union-Management Pension Fund,* 800 F.2d 742, 746 (8th Cir.1986).  "Thus, in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Liberty Lobby,* 106 S.Ct. at 2513. When no opposition is filed to a summary judgment motion, the nonmoving party waives the right to object to the material facts set forth by the movant and the motion will be decided on the basis of the movant's submissions. *Modesto v. Lehman,* 245 F.Supp.2d 340 (D.Puerto Rico 2002).

II.  THE ELEMENTS OF A PREFERENCE UNDER 11 U.S.C. §547

Section 547(b) of the Code makes voidable preferential transfers of a debtor's property occurring within 90 days of the filing date of the debtor's bankruptcy petition. *In re Health Science Products, Inc.,* 183 B.R. 903, 918 (Bankr.N.D.Ala.1995).   A preferential transfer is a transfer of the debtor's interest in property (1) to or for the benefit of a creditor;  (2) for or on account of an antecedent debt owed by the debtor before the transfer was made;  (3) made while the debtor was insolvent;  (4) made on or within 90 days before the date of the filing of the petition;  (5) that enables such creditor to receive more than such creditor would receive if (a) the case were a case under Chapter 7 of this title or if (b) the transfer had not been made.  11 U.S.C. § 547(b) ; *Union Bank v. Wolas,* 502 U.S. 151, 112 S.Ct. 527, 116 L.Ed.2d 514 (1991); *In re Kemp Pacific Fisheries, Inc.,* 16 F.3d 313 (9th Cir.1994);  *Matter of Anderson-Smith &*

8

*Associates, Inc.*, 188 B.R. 679 (Bankr.N.D.Ala.,1995). The underlying purpose of preference law

is the desire to insure an equal distribution of available assets to all creditors. *In re Martin,* 184

B.R. 985, 990 (Bankr.M.D.Ala.1995).

The Trustee has the burden of proving that the pre-petition transfer is avoidable because it

constitutes a preferential transfer under Section 547(b) of the Code.  Thereafter, the burden of

proof shifts to the defendant, against whom recovery or avoidance is sought, to prove that it is

entitled to one of the affirmative defenses to preferential transfers as set forth in section 547(c) of

the Code.  11 U.S.C. § 547(g) ;  *In re Martin,* 184 B.R. at 994;  *Matter of Anderson-Smith &*

*Associates, Inc.*, 188 B.R. 679 (Bankr..N.D.Ala.,1995); *In re Mastercraft Graphics, Inc.*, 157

B.R. 914, 918 (Bankr.S.D.Fla.1993).

A. AT BEST, THERE IS AN ISSUE OF FACT REGARDING THE AMOUNT
RECEIVED DURING THE 90 DAY PREFERENCE PERIOD

The Appellant argues correctly that pursuant to 11 U.S.C. §547(b)(4)(A) the Trustee is

only entitled to recover transfers made during the 90 days immediately preceding the filing of the

petition. There is no dispute that the petition in this case was filed on February 27, 2004 and

therefore, the 90 day preference period would run from November 28, 2003 through February 27,

2004. *See, Terry Mfg. Co. v. Southern Mills, Inc. (In Re Terry Mfg. Co. Inc.*, _____ B.R. _____,

2005 W.L. 1355123 (Bankr. M.D. Ala., 2005). There is also no dispute that the Appellant

actually received three transfers from the Debtor for which the checks were dated as follows:

| November 7, 2003 | $15,000.00 |
| December 4, 2003 | $22,500.00 |
| December 17, 2003 | $13,000.00 |

The flaw in the Appellant's argument on appeal is two fold: First, the Appellant claims that there was a stipulation that the Appellant only received $35,500.00 during the preference period. In fact, there was no such stipulation. Rather, there was a statement of undisputed facts set forth by the Trustee in the Motion for Summary Judgment which is silent as to the November 7, 2003 check in the amount of $15,000.00.

The second flaw in the Appellant's argument is the statement that "...through the course of discovery it was ascertained that only $35,500.00 came within the 90 day preference period created by 11 U.S.C. §547. There being no evidence in the record to the contrary, the Bankruptcy Court's judgment of $50,500.00 is in error because it is not supported by the evidence and includes payments to the Appellant more than 90 days prior to the filing of the Debtor's petition in bankruptcy." It should be noted that there is no record reference for the factual aspects of this argument. More importantly, it ignores well established law as to when a "transfer" takes place. Counsel for the Appellant mistakenly assumes that a "transfer" takes place on the date the check for the payment is written.

The law is that a transfer for the purposes of §547(b)(2)(4)(A) occurs when the check is honored by the Debtor's bank, not the date of delivery. *Barnhill v. Johnson,* 503 U.S. 393, 395 112 S.Ct. 1386,118 L.Ed.2d 39 (1992); *Terry Mfg. Co. v. Southern Mills, Inc. (In Re Terry Mfg. Co. Inc.,* _____ B.R. _____, 2005 W.L. 1355123 (Bankr. M.D. Ala., 2005)(fn.7). The record is void of any evidence of when the November 7, 2003 check was honored by the

10

Debtor's Bank and therefore, at best, it would appear that there is an issue of fact as to whether

the November 7, 2003 payment of $15,000.00 was a transfer which occurred during the 90 day

preference period.

      B. THE BANKRUPTCY COURT CORRECTLY IGNORED THE NEW VALUE

DEFENSE OF 11 U.S.C §547(c)(1) BECAUSE THE TRANSFER OF NEW VALUE WAS

NOT SUBSTANTIALLY CONTEMPORANEOUS

      11 U.S.C. §547(c)(1) provides an affirmative defense to a preference recovery action for

substantially contemporaneous exchanges of new value. The contemporaneous

exchange-for-new-value exception to preferential transfers is affirmative defense which the

transferee has the burden of establishing. The exception has three basic requirements:  transferee

must have extended new value to debtor in exchange for payment or transfer;  exchange of

payment for new value must have been intended by debtor and transferee to be contemporaneous;

and exchange must have been, in fact, substantially contemporaneous. That transfer from debtor

to creditor is payment of preexisting debt does not automatically preclude transfer from also

being contemporaneous exchange for new value, and, under appropriate circumstances, new

value in exchange for transfer or payment may take form of new credit. *In re Arrow Air, Inc.*, 940

F.2d 1463 (11ᵗʰ Cir. 1991).  However, ordinarily, an extension of credit does not constitute a

contemporaneous exchange for purposes of new value exception to preference avoidance. *Matter

of Anderson-Smith & Associates, Inc.*, 188 B.R. 679 (Bankr..N.D.Ala.,1995).

      While the Trustee appears to have acknowledged that the substantially contemporaneous

exchange defense was available, the only fact was admitted was the fact of the new extension of

credit and that, if the defense was available, it was only available to the extent of the January 5,

2004, $15,000.00 loan to the Debtor. There was no evidence of the parties' intent provided by either the Trustee or the Debtor. As to the "in fact substantially contemporaneous" nature of the new value, the evidence showed that the last transfer from the Debtor to the Appellant was on December 17, 2003. The alleged "new value" was not extended until January 5, 2004, a delay of 19 days. Since the Appellant bears the burden of proof as to each element of the contemporaneous exchange defense and offered no evidentiary submission, the Court was correct to conclude that there was no genuine issue of material fact regarding this defense and that the new value given by the Appellant was not substantially contemporaneous.

CONCLUSION

This issues which have arisen in this case arise without the benefit of any post-judgment motions to alter, amend or vacate the judgment. The Bankruptcy Court was presented with a properly supported Motion for Summary Judgment and a response by the Debtor with no supporting evidence or references to facts which would establish a genuine issue of material fact. This case amply demonstrates the need of the non-moving party to make an independent response to a motion for summary judgment with proper evidentiary submissions and references to specific facts.

The Trustee takes the position on appeal that at best, there is a genuine issue of material fact as to the whether the November 7, 2003 check in the amount of $15,000.00 was a transfer occurring within of the 90 day preference period. There is no genuine issue of material fact that the defense of §547(c)(1) is not available on these facts. The summary judgment should be affirmed in part as to the affirmative defense raised by the Appellant and remanded for further evidence on the amount of the preferential transfers made within the 90 day preference period.

12

Respectfully Submitted,

s/Leonard N. Math (Mat025)
Attorney for Susan Depaola, Trustee of the
Bankruptcy Estate of Edwin Rick Wood

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served on all attorneys of

record as set forth below by depositing a copy thereof in the United States mail postage prepaid

on this 24th day of June 2005.

Richard D. Lively
Attorney at Law
364 E. Main St.
Prattville, Al 36067

s/Leonard N. Math (Mat025)

13